UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

CRAIG MOLESPHINI on behalf of himself and derivatively on behalf of NUE-TRITION WEIGHT MANAGEMENT, LLC, and ELEPHANT ENTERTAINMENT INC., individually

    Plaintiffs,

- against -

ANTHONY GIORDANO, NÜE RESOURCE FINANCIAL CORP., and NÜE RESOURCE FUNDING, LLC

    Defendants,

    -and-

NUE-TRITION WEIGHT MANAGEMENT, LLC,

    Nominal Defendant.

Case No. 1:20-cv-05427 (KPF)

**NOTICE OF MOTION**

    PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, the declaration in support, all exhibits thereto, and all prior pleadings and proceedings herein, Plaintiff, by his attorneys, will move this Court before the Honorable Katherine Polk Failla, United States District Judge, at the United States Courthouse for the Southern District of New York, 40 Foley Square, New York, New York, at such time to be set by the Court, for an Order ordering the lifting of the stay in place in this matter.

Dated: October 16, 2024
      New York, NY

                                        LAW OFFICE OF ALEXANDER SAKIN, LLC

                                        /s/ Alexander Sakin
                                        _____
                                        Alexander Sakin, Esq.
                                        5 West 37th St., Ste. 601
                                        New York, NY 10018
                                        (917) 509-7573
                                        *Attorney for Plaintiffs*

For the reasons set forth in this endorsement, the Court DENIES Plaintiff's Motion to Lift the Stay in this action without prejudice to its renewal by formal motion on different grounds. (Dkt. #41).

Defendant Giordano's successful completion of pre-trial intervention might trigger document expungement pursuant to N.J. Stat. § 2C:52-6. Counsel for Plaintiff claims that an assistant prosecutor in charge of Giordano's New Jersey prosecution informed him that, upon expungement, the entire case file will be destroyed, including bank and financial records Plaintiff intends to seek from the county prosecutor. (Dkt. #42 at 5 (citing Sakin Decl. ¶ 9)). As a result, Plaintiff argues that his private interest in prosecuting this action mitigates in favor of lifting the stay. (*Id.* at 6-8 (citing *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012)). However, Defendant notes in his Opposition (Dkt. #48 at 3-5), and Plaintiff acknowledges in his Reply (Dkt. #49 at 4-5), that under New Jersey law the records at issue will not necessarily be destroyed and, upon motion for good cause shown and compelling need based on specific facts, may be released (*see* N.J. Stat. §§ 2C:52-1, 2C:52-15, 2C:52-19; *N.J. Div. of Child Prot.* v. *A.P.*, 318 A.3d 632, 640-42 (N.J. 2024)). That may prove difficult for Plaintiff to show, or it may not. The mere fact that there is "no guarantee that [Plaintiff] would be granted access to any expunged financial records" (Dkt. #49 at 5) is an insufficiently definite reason to lift the stay. Furthermore, the Court is not persuaded by Plaintiff's argument that, because the definition of "expunged records" in the statute (which defines "expungement" as "the extraction, sealing, impounding, or isolation of all records ... concerning a person's detection, apprehension, arrest, detention, trial or disposition of an offense within the criminal justice system") does not include bank and financial records, such records can and might be destroyed. (Dkt. #49 at 4 (quoting N.J. Stat. § 2C:52-1)). That reading strains the text of the statute, which says that expunged records "shall include" certain records (*e.g.* complaints, warrants, and arrest records), but does not limit the definition only to those named records. (N.J. Stat. § 2C:52-1(b); *see also In re D.H.*, 6 A.3d 421, 427 (N.J. 2010) (providing that a central purpose of the expungement statute is to "broaden the reliable base of information that will be maintained for law enforcement[,] thus requir[ing] merely the extraction and isolation, not the destruction, of expunged records" (internal quotation marks omitted))). Finally, as it denies the Motion on the merits, there is no need for the Court to address Defendant's argument that Plaintiff's Notice of Motion was procedurally deficient (Dkt. #48 at 6-8).

The Court maintains its "strong preference to stay this action until Defendant's criminal case is fully resolved and any conviction has been made final." (Dkt. #40). The Clerk of Court is directed to terminate the pending motions at docket entries 41 and 45. Pursuant to its previous orders (Dkt. #40, 46), this action remains stayed until Defendant Giordano's criminal case is fully resolved and any conviction has been made final.

Dated:     November 13, 2024                      SO ORDERED.
           New York, New York

                                                  *Katherine Polk Failla*

                                                  HON. KATHERINE POLK FAILLA
                                                  UNITED STATES DISTRICT JUDGE