UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRAIG MOLESPHINI and ELEPHANT ENTERTAINMENT, INC.,

                Plaintiff,

                -v.-

ANTHONY GIORDANO; NUE RESOURCE FINANCIAL CORP.; NUE RESOURCE FUNDING LLC; and NUE-TRITION WEIGHT MANAGEMENT, LLC,

                Defendants.

20 Civ. 5427 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiffs seek leave to amend their First Amended Complaint. (Dkt. #73-75). Defendants oppose. (Dkt. #80-81). For the reasons explained below, Plaintiffs' motion is granted.

    By way of procedural history, Plaintiffs filed their original complaint on July 14, 2020 (Dkt. #1), and their First Amended Complaint on August 13, 2020 (Dkt. #5). On December 4, 2020, the Court entered a Case Management Plan and Scheduling Order. (Dkt. #30). On January 25, 2021, the Court entered a stipulation between the parties staying the case pending the resolution of a New Jersey state criminal prosecution against Mr. Giordano. (Dkt. #34). The Court lifted the stay on June 20, 2025 (Dkt. #56), after previously having briefly lifted and quickly reimposing it in October 2024 (Dkt. #43, 46). The parties submitted new (and dueling) proposed Case Management Plans (Dkt. #58), but the Court has not entered either and instead has

stayed all discovery deadlines pending the resolution of Defendants' motion to dismiss (Dkt. #56, 66).

Plaintiffs argue the Court should grant them leave to amend because they have satisfied the lenient standard outlined in Federal Rule of Civil Procedure 15. (Dkt. #75 at 2). In opposition, Defendants argue that Rule 16's stricter standard applies instead. (Dkt. #80 at 2-3). Rule 15 provides that after the period during which a plaintiff may amend her complaint as of right without court permission expires, see Fed. R. Civ. P. 15(a)(1), the plaintiff must move the court for leave to amend, but the court should grant such leave "freely ... when justice so requires," see Fed. R. Civ. P. 15(a)(2). The Second Circuit has explained that Rule 15(a)(2)'s standard is "liberal" and "permissive" and that "the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, or futility.'" *Sacerdote* v. *N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (alteration adopted) (quoting *Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Secs., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). By contrast, once the court "issues a scheduling order setting a date after which no amendment will be permitted," the plaintiff may amend his complaint "only up a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." *Id.* (quoting Fed. R. Civ. P. 16(b)(4)).

Here, Rule 15 governs the Court's decision whether to grant Plaintiffs leave to amend their First Amended Complaint. A scheduling order that only sets a deadline for amending the complaint without leave of the court (and does

not set a deadline for amending with leave) triggers Rule 15, not Rule 16. *Sacerdote*, 9 F.4th at 114-15 (holding that Rule 15 was triggered by a scheduling order providing, "Amended pleadings may not be filed, and no party may be joined, without leave of Court more than 10 days after the filing of this Order or the filing of a responsive pleading, whichever occurs first."). The Scheduling Order entered in this case provided, "Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order." (Dkt. #30). Under *Sacerdote,* the Court does not believe the language in the Schedule Order was sufficiently clear so as to invoke Rule 16. Indeed, that is why, after *Sacerdote*, the Court amended its Case Management Plan and Scheduling Order template. (*Compare* Dkt. #30 ¶ 4 (Case Management Plan entered pre-*Sacerdote*), *with* Dkt. #58-1 ¶ 4 (Case Management Plan proposed post-*Sacerdote* and explicitly stating that "Any motion to amend or to join additional parties filed after this deadline will be subject to the 'good cause' standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21." (emphasis omitted)).

Applying Rule 15, the Court agrees with Plaintiffs that they have satisfied its liberal, permissive standard. Accordingly, Plaintiffs' motion to amend their First Amended Complaint is GRANTED (*see* Dkt. #73), and Plaintiffs are ORDERED to file their Second Amended Complaint within two weeks of the date of this Order. As a result, Defendants' request for oral argument on this issue is DENIED. (*See* Dkt. #81). Further, because Plaintiffs will amend their

3

complaint, Defendants' motion to dismiss the complaint for failure to state a claim is DENIED as moot. (*See* Dkt. #67).

The Clerk of Court is directed to terminate the pending motions at docket entries 67, 73, and 81.

SO ORDERED.

Dated: November 18, 2025
       New York, New York

                                            KATHERINE POLK FAILLA
                                            United States District Judge